IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**DONDREA JAMMAL FLORIE, SR.,**   )
                                  )
          Petitioner,            )
                                  )
v.                                )   Case No. CIV 23-122-RAW
                                  )
**SHANNON SMITH, Sheriff,**       )
                                  )
          Respondent.           )

**OPINION AND ORDER**

Petitioner Dondrea Jammal Florie, Sr. is a pro se pretrial detainee who is incarcerated at the Seminole County Jail in Wewoka, Oklahoma. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, complaining that he has no access to legal research. (Dkt. 1 at 6). Further, since October 20, 2022, he allegedly has had no access to natural sunlight, outdoor exercise, or fresh outdoor air. *Id.* at 6-7.[1]

Petitioner has attached to the petition a narrative concerning an October 20 assault by Officer Michael DeFrance at the Holdenville Police Department while he was in transport to the Seminole County Jail. *Id*. at 9. He also has submitted an "affidavit" setting forth multiple incidents of allegedly being assaulted by jail officials. *Id*. at 10-11.

Section 2241 is a vehicle for challenging pretrial detention, *see Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007), or for attacking the execution of a sentence, *see Davis*

---

[1] Plaintiff asserts that another detainee, David Bruce McDermott II, is his "inmate counsel" (Dkt. 1 at 2), and McDermott signed the petition as an "Attorney or authorized person." *Id*. at 8. While McDermott may assist other prisoners in completing legal documents, McDermott is not authorized to sign any legal documents for other prisoners, unless he is a licensed attorney.

*v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). A § 2241 petition cannot be used to challenge the conditions of a prisoner's confinement, such as access to the courts or access to sunlight, exercise, and air quality. Claims concerning alleged assaults by prison officials also are not appropriate for a § 2241 petition. Such issues must be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983. Therefore, the Court finds this habeas corpus action must be DISMISSED. The Court Clerk is directed to send Petitioner a form for filing a § 1983 complaint and the form for a motion to proceed *in forma pauperis*.

The Court further finds that Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus pursuant to 42 U.S.C. § 2241 (Dkt. 1) is DISMISSED, and Petitioners are DENIED a certificate of appealability. The Court Clerk is directed to send Petitioner a form for filing a § 1983 complaint and the form for a motion to proceed *in forma pauperis*.

**IT IS SO ORDERED** this 18th day of April 2023.

Ronald A. White
United States District Judge
Eastern District of Oklahoma